THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KENNETH MELTON, | CASE NO. C20-0152-JCC |
|---|---|
| Plaintiff, | MINUTE ORDER |
| v. | |
| MICROSOFT CORPORATION *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On February 7, 2020, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 7.)

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiff's complaint purports to seek a "no contact order contain community online torchor devices and softwear." (Dkt. No. 8 at 1.)[1] In support of his request, Plaintiff alleges that "Sins 7-26-15 documents, images, data will show I'm [illegible] there torchoring device. I'm stating look befor you call me crazy. [Illegible] softwear, [illegible], brain waves, frequency, radio broadcasting electric [illegible] data, hard drive softwear + satalight otheration droin use. By a crimal investigation." (*Id*. at 1–2.) Plaintiff proceeds to set forth an extensive list of Defendants, including Google Inc., Firefox Mozilla, the FBI, and Walmart Headquarters. (*See id*. at 2–13.) The conclusion of Plaintiff's complaint states that he is "requesting all softwear data. All my e-mails data. Google Maps + locations Bluetooth links." (*Id*. at 14.) Plaintiff has attached to his complaint a verification of insurance benefits and correspondence related to his child support obligations, but does not explain the relevance of those documents. (*See* Dkt. No. 8-1 at 1–3.)

Plaintiff's complaint fails to state a claim upon which relief can be granted. As a threshold matter, Plaintiff has not pleaded that this Court has subject matter jurisdiction over his claims. *See* 28 U.S.C. §§ 1331, 1332; (*see generally* Dkt. No. 8). The complaint also does not state what law entitles Plaintiff to relief or a cognizable legal theory under which he may recover. *See Zixiang*, 710 F.3d at 999. And the complaint does not set forth factual matter that, accepted as true, states a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 664. Thus, Plaintiff's complaint fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii); *Lopez*, 203 F.3d at 1129.[2]

---

[1] Quotes from Plaintiff's complaint are set forth verbatim.

[2] Plaintiff has filed several subsequent motions that appear to allege the same nucleus of operative facts as the complaint but seek different forms of relief. (*See* Dkt. Nos. 9, 10, 12.) Those documents, if considered with the complaint for the purposes of this order, similarly fail to

1  Although the Court finds that the complaint fails to state a claim upon which relief can be granted, the Court will not dismiss a case unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff file an amended complaint curing the defects identified by the Court no later than 14 days from the date this order is issued. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 21st day of February 2020.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

---

assert a basis for the Court's subject matter jurisdiction over Plaintiff's claims or a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii); *Lopez*, 203 F.3d at 1129.