THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH MELTON,

                Plaintiff,

    v.

MICROSOFT CORPORATION *et al*.,

                Defendants.

CASE NO. C20-0152-JCC

ORDER

This matter comes before the Court *sua sponte*. On February 21, 2020, the Court, having reviewed Plaintiff's *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), found that Plaintiff had failed to state a claim upon which relief could be granted. (*See* Dkt. No. 14.) Specifically, the Court found that Plaintiff's complaint did not establish the Court's subject matter jurisdiction over his claims, did not identify what law entitled him to relief, did not offer a cognizable legal theory under which he could recover, and did not set forth factual matter that, accepted as true, stated a claim for relief that was plausible on its face. (*Id*. at 2.) While the Court found that the complaint failed to state a claim upon which relief could be granted, the Court granted Plaintiff leave to amend and accordingly ordered Plaintiff to file an amended complaint curing the defects identified by the Court within 14 days. (*Id*. at 3.)

Plaintiff did not file an amended complaint in response to the Court's order. Instead, he has filed a variety of motions and affidavits that do not cure the defects previously identified by

1    the Court or otherwise entitle Plaintiff to relief.

2    On February 27, 2020, Plaintiff filed a motion to extend time until April 20, 2020. (*See*
3    Dkt. No. 16.) But that motion does not identify a Court deadline from which Plaintiff seeks relief
4    and largely repeats the factual allegations set forth in his complaint. (*See id*. at 1–2.)[1] Therefore,
5    Plaintiff has not established a basis for granting him an extension of time.

6    Plaintiff has filed a motion for leave to amend complaint and accompanying affidavit.
7    (Dkt. Nos. 15, 17.) As a threshold matter, Plaintiff was not required to seek the Court's leave to
8    file an amended complaint; the Court's previous order required Plaintiff to file an amended
9    complaint curing the defects in his original complaint identified by the Court. (*See* Dkt. No. 14.)
10   Plaintiff's accompanying affidavit sets forth several documents unrelated to the instant action, a
11   "complaint of inaproprate operation use of security network softwear, data punishment
12   investigation," and a motion "to be heard in open court civil rights complaint." (*See generally*
13   Dkt. No. 15.)[2] Plaintiff's filings, liberally construed as amended complaints, fail to cure the
14   defects previously identified by the Court: they do not establish the Court's subject matter
15   jurisdiction over Plaintiff's asserted claims, do not identify a law entitling Plaintiff to relief or a
16   cognizable legal theory under which he may recover, and do not set forth factual matter that,
17   accepted as true, states a claim for relief that is plausible on its face. *See* 28 U.S.C. §§ 1331,
18   1332; *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013); *Ashcroft v. Iqbal*, 556 U.S. 662, 664
19   (2009). Therefore, both filings fail to state a claim on which relief can be granted. *See* 28 U.S.C.
20   § 19159(e)(2)(b)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

21   Plaintiff has filed a motion for "Privacy Act [illegible] Personal Space Issues" and
22   accompanying affidavit. (Dkt. Nos. 18, 19.) Plaintiff's motion names a variety of entities as
23   Defendants, asserts that "Sins 12-14-14 my personal privacy has been valated in many way's,"

---

[1] In the section of his motion to extend time in which Plaintiff describes the relief sought, Plaintiff states, "I get released from prison on 3-23-20 I'm going call Microsoft for documents." (Dkt. No. 16 at 2.)

[2] Quotes from documents filed by Plaintiff are set forth verbatim.

and sets forth various factual allegations purportedly supporting his assertion. (See Dkt. No. 18 at 8–9.) Plaintiff has left the statement of the issue, evidence relied upon, and legal authority sections of his motion blank. (*See id*. at 10.) Plaintiff's accompanying affidavit appears to summarize the factual allegations set forth in his motion. (*See* Dkt. No. 19 at 1.) Plaintiff's motion does not establish the Court's subject matter jurisdiction over his asserted claims, does not identify a law entitling Plaintiff to relief or a cognizable legal theory under which he may recover, and does not set forth factual matter that, accepted as true, states a claim for relief that is plausible on its face. *See* 28 U.S.C. §§ 1331, 1332; *Zixiang*, 710 F.3d at 999; *Iqbal*, 556 U.S. at 664. Therefore, Plaintiff's motion neither states a claim on which relief can be granted nor cures the deficiencies previously identified by the Court. *See* 28 U.S.C. § 19159(e)(2)(b)(ii); *Lopez*, 203 F.3d at 1129.

Finally, Plaintiff has filed a stipulation to amendment and accompanying affidavit. (Dkt. Nos. 20, 21.) The stipulation to amendment is not signed by an opposing party. (*See* Dkt. No. 20 at 2.) Plaintiff's accompanying affidavit sets forth factual allegations which resemble those underlying his other complaints and which do not establish a basis for granting him leave to amend. (*See* Dkt. No. 21 at 1–2.) Plaintiff has also attached a "motion for complaint of mist use of international telecommunications satallites organization act Aug 16 1985, P.L. 99.93 tittle 1.s 146.99 state 425 provides violations privacy act 18 uscs ss 2701 et seq." (*Id*. at 4.) Plaintiff's motion does not identify a law entitling Plaintiff to relief or a cognizable legal theory under which he may recover, and does not set forth factual matter that, accepted as true, states a claim for relief that is plausible on its face. *See* 28 U.S.C. §§ 1331, 1332; *Zixiang*, 710 F.3d at 999; *Iqbal*, 556 U.S. at 664. Therefore, Plaintiff's motion fails to either state a claim on which relief can be granted or cure the deficiencies previously identified by the Court. *See* 28 U.S.C. § 19159(e)(2)(b)(ii); *Lopez*, 203 F.3d at 1129.

In sum, whether the Court construes Plaintiff's various filings as attempts to cure the deficiencies previously identified by the Court or as new complaints, none state a claim upon

which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii); (Dkt. Nos. 15, 17, 18, 19, 21). Plaintiff has not otherwise demonstrated that he is entitled to additional amendments or an extension of time. (*See* Dkt. Nos. 16, 20.) Therefore, the Court hereby DISMISSES Plaintiff's complaint and this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to terminate all pending motions and to close this case.

DATED this 9th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE